UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE and ELLEN FERN, as parents and legal guardians of their minor child M.F., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:06CR986 HEA |
| ROCKWOOD R-VI SCHOOL DISTRICT, | ) ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Judgment on the Administrative Record, [Doc. No. 12]. Defendant opposes the motion. For the reasons set forth below, Plaintiffs' Motion is denied.

Plaintiffs seek a *De Novo* review of an Administrative Decision made pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq*. Plaintiffs bring this administrative review action pursuant to 20 U.S.C. § 1415(e)(2). Plaintiffs claim that an Order entered on May 23, 2006 by the Panel Chairperson granting Defendant's Motion to Dismiss Plaintiffs' Due Process Hearing is contrary to the law and is not supported by the evidence. Plaintiffs seek a determination from this Court so finding and for a determination that they are

entitled to reimbursement for attorney fees and expenses as prevailing parties.

## Facts and Background

Plaintiffs bring this action on behalf of themselves and their minor child, M.F. There is no dispute that M.F. is a handicapped person as defined by 20 U.S.C. § 1401. As alleged in the Complaint, M.F. was enrolled in Early Childhood Special Education (ECSE) beginning in January, 2002. Plaintiffs claim that in July, 2002 Rockwood School District undertook direct provision of ECSE services through its own Early Childhood Program. Plaintiffs further claim that the school failed to properly evaluate and fully identify M.F.'s needs and failed to craft an appropriate Individualized Education Program (IEP) for the 2002 -2003 and 2003-2004 school years.

The Complaint further alleges that the school failed to provide Plaintiff parents adequate prior written notice of their decisions during the 2002-2003 and 2003-2004 school years beginning in the fall of 2003 and failed to provided necessary special education and related services for these school years despite the student's entitlement to these services thereby requiring the parents to obtain these services privately and at their own expense.

The Complaint contends that the school denied the parents the right to participate as equal partners in the IEP process by failing to fairly consider the

needs of M.F. and by concealing from the parents certain rights which they were guaranteed, including the right to file a due process complaint.  According to the Complaint, by failing to inform the parents of their right to initiate due process proceedings and by thereafter delaying mediation, the school intended to secretly extinguish rights guaranteed the parents until the statute of limitations had run.

Plaintiffs filed their Request for an administrative due process hearing with the Missouri Department of Elementary and Secondary Education on March 20, 2006.  Defendant filed a Notice of Insufficiency and Request for Suspension of Timelines with the administrative hearing panel on April 23, 2006.  The Chairperson of the administrative hearing panel held that Plaintiffs failed to meet the statutory requirements necessary to permit the Due Process proceeding to go forward in an Order dated March 29, 2006.  This Order granted Defendant's request to suspend the timelines for due process and ordered Plaintiffs to file a statutorily compliant Request for Due Process on or before April 17, 2006.  A Response to Order and Notice of Appearance of Counsel was filed by Plaintiffs between April 12, 2006 and April 17, 2006.  This Response contained factual allegations concerning the nature of the problem, the issues raised and a proposed resolution as required by the IDEA.

Defendant filed its Motions to Dismiss on April 26, 2006 for lack of jurisdiction based on the ground that the applicable statute of limitations had run

with respect to the years in question. On May 23, 2006, the Panel Chairperson entered his Findings of Facts and Conclusions. The Chairperson granted Defendant's Motion to Dismiss on the ground that Plaintiff's request for due process dated March 20, 2006 was not filed within the relevant two year statute of limitations.

## Discussion

The goals of IDEA include ensuring that all children with disabilities have available to them a free appropriate public education and ensuring that the rights of children with disabilities and parents of such children are protected. 20 U.S.C. §§ 1400(d)(1)(A)-(B) (2000 ed., Supp. IV). *Winkelman ex rel. Winkelman v. Parma City School Dist.*, __U.S.__, 127 S.Ct. 1994, 2000 -2002 (U.S.2007).

The due process hearing procedures are specifically described in the IDEA. Under these procedures, parents and children may request an impartial due process hearing. 20 U.S.C. § 1415(f)(1). The IDEA creates additional safeguards with respect to due process hearings, including the right to have counsel and the right to present evidence and cross-examine witnesses. 20 U.S.C. § 1415(h). A party aggrieved by an administrative hearing officer's findings and decision may appeal through a civil action in state court or federal district court. 20 U.S.C. § 1415. On appeal, the court must receive the administrative record, hear additional evidence if

requested,[1] and grant appropriate relief based on the preponderance of the evidence. 20 U.S.C. § 1415. A "decision on the record compiled before the administrative agency is the norm." *Indep. Sch. Dist. No. 283 v. S.D.,* 88 F.3d 556, 560 (8th Cir.1996) (citation omitted).

> Judicial review of agency action may be conducted on the administrative record even if there are disputed issues of material fact. Under IDEA, the reviewing court bases its decision on "the preponderance of the evidence." That is a less deferential standard of review than the substantial evidence test common to federal administrative law. But it still requires the reviewing court to give "due weight" to agency decision-making. *Rowley,* 458 U.S. at 206, 102 S.Ct. at 3050-51.

*Indep. Sch. Dist. No. 283,* 88 F.3d at 561.

In his Findings of Facts, the Chairperson found that Plaintiffs filed their request of due process dated March 20, 2006 and was amended on April 12, 2006. The IEP for the 2003-2004 school year was completed sometime in August 2003 with the parents' involvement and it was implemented. The IEP team met again on May 3, 2004 for extended school year scheduling in the summer of 2004 with the parents in attendance. Thus, the chairman concluded that the last act from which a request for due process could be filed was May 3, 2004 or alternatively as of August 2003. The Chairman also found that there was adequate notice provided to the

---

[1] Plaintiffs did not request the Court to consider additional evidence in the matter before the Court.

parents concerning the ability to challenge the determination for the 2003-2004 school year.  Finally, the Chairman found that there was no allegation that the action taken as a result of the May 2004 review was at issue.  Accordingly, the last act pre-dating that action was the IEP activity in August 2003.  As such, the Chairman found that the two year statute of limitation had run, precluding the panel from exercising jurisdiction.

Section 1415(b)(6) provides for a two year statute of limitations that begins to run from the date the parent or public agency knew or should have known about the alleged action that forms the basis of the complaint.  If the school made "specific misrepresentations that it had resolved the problem forming complaint basis" or "withheld information that Part B of IDEA required to be provided to the parent.  20 U.S.C. § 1415(f)(3)(C) and (D).

Plaintiffs argue that the Chairman failed to apply the appropriate standard for a motion to dismiss.  Citing *Conley v. Gibson*, 355 U.S. 41 (1957), plaintiffs urge the Court to overrule the Chairman's decision because he failed to accept as true all factual allegations.  While this standard is appropriate for matters seeking dismissal for failure to state a claim, it does not apply in jurisdictional challenges.

A motion to dismiss under Rule 12(b)(1) may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations.

*Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true. *Id.* The motion must be granted if the plaintiff has failed to allege a necessary element supporting subject matter jurisdiction. *Id.* A court confronted with a <u>factual</u> challenge must weigh the conflicting evidence concerning jurisdiction, without presuming the truthfulness of the plaintiff's allegations. *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1946); *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

Defendant did indeed challenge the factual truthfulness of Plaintiffs' allegations that Defendant intentionally misled plaintiffs and failed to inform them of their rights to a due process request. The record before the panel clearly establishes that Plaintiffs were involved in and participated in M.F.'s education programming. The Plaintiffs participated throughout in M.F.'s IEP process and met with representatives of Defendant. The record is completely devoid of any evidence that Plaintiffs were not aware of their rights or that they were misled by Defendant in any way. Plaintiffs were given an opportunity to meet with Defendant and resolve their concerns. They were continuously advised of the step and progress taken with respect to M.F.'s IEP program. The Chairman's finding that the request was not timely filed is supported by a preponderance of the evidence, and therefore, must be

affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Judgment on the Administrative Record, [Doc. No. 12], is denied.

**IT IS FURTHER ORDERED** that the dismissal of Plaintiffs' administrative due process complaint by the administrative hearing officer is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 6th day of June, 2007.

_____

      HENRY EDWARD AUTREY
      UNITED STATES DISTRICT JUDGE